**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

RAYMOND McGRAW,                    )
                                   )
                    Plaintiff,     )
        vs.                        )          No.1:05-cv-926-RLY-TAB
                                   )
MICHAEL HORNADAY, et al.,          )
                                   )
                    Defendants.    )


**Entry Discussing Motion for Summary Judgment**

        This is a civil rights action in which plaintiff Raymond McGraw ("McGraw") alleges that he was denied adequate medical care while confined at an Indiana prison. The claims remaining are those asserted against dental assistant J. Camby and dentists Michael Hornaday and Malcomb Lewis, and is brought pursuant to 42 U.S.C. § 1983.[1] The defendants seek resolution of McGraw's claim through the entry of summary judgment. McGraw has opposed the motion for summary judgment.

        Whereupon the court, having considered the complaint, the motion for summary judgment and the response thereto, and being duly advised, finds that the defendants' motion for summary judgment must be **granted.** This conclusion rests on the following facts and circumstances:

        1.       "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

---

        [1]Defendant Hornaday has been improperly identified in this action as Dr. Hornaby. The court directs the clerk to correct the docket and uses the correct spelling of Dr. Hornaday's last name in this Entry.

a.      "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party successfully carries his burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Id.* at 324.

b.      Although McGraw has included his affidavit in support of his opposition to the motion for summary judgment, that affidavit consists for the most part of his conclusory statements, his legal opinion, and his speculation as to what additional or different care the defendants could have provided. As to these statements, the affidavit is not sufficient to establish a genuine issue of fact, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002)(internal quotation and citation omitted). Assertions based on speculation or conjecture do not withstand summary judgment. *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir.), *cert. denied,* 528 U.S. 986 (1999). McGraw also submits some 41 pages of apparent records regarding treatment of his fractured jaw or his efforts to obtain additional treatment, but these are not authenticated. The consequence of this is that the documents have no evidentiary significance. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . . As such, we can simply ignore them."); *Martz v. Union Labor Life Ins. Co.,* 757 F.2d 135, 138 (7th Cir. 1985) ("When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.").

2.      The undisputed material facts established by the evidentiary record are the following:

a.      McGraw is a convicted offender confined at the Pendleton Correctional Facility ("PCF"). The PCF is a prison operated by the Indiana Department of Correction ("DOC"). At the time pertinent to the claims in this action, the defendants were employees of Mid America Health, which contracts with the DOC to provide dental services to Indiana inmates.

b.      Dr. Hornaday is a dentist, as is Dr. Lewis. Jeanette Camby, the third defendant, is a dental assistant who is unable to make decisions as to treatment or care.

c.      There came a point at the time pertinent to his claims that McGraw was diagnosed with a fractured jaw.

2

d.      Defendant Lewis never saw or treated McGraw. McGraw contends that Lewis assisted Dr. Hornaday at one point, but provides no specifics as to this occasion. Even if this occurred, Dr. Lewis had only incidental contact with McGraw.

e.      Dr. Hornaday did examine and prescribe treatment for McGraw.

f.      As a dental assistant, defendant Camby was accountable to the dentists with whom she worked and did not exercise any independent judgment with respect to the dental care need or the treatment to be provided to an inmate, including McGraw.

g.      When Dr. Hornaday first examined the plaintiff, he prescribed an antibiotic and oral pain medication. He then referred McGraw back to Wishard Hospital for follow-up treatment for his jaw.

h.      The defendant dentists did not have the training, expertise, authority or expectation to treat inmates for conditions other than those associated with dental needs. In particular, McGraw's medical care for his broken jaw, both initially and subsequently, were outside the scope of dental care which these defendants could or should have provided to McGraw. Neither Dr. Hornaday nor Dr. Lewis ever denied McGraw dental care.

3.      The defendants argue, among other things, that the plaintiff failed to exhaust available administrative remedies and that this failure renders the filing of the present action premature. Although it is true that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983, see 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002), the defendant's argument on this point is based on the plaintiff's failure to pursue state judicial remedies in conjunction with his pursuit of a possible claim of malpractice under Indiana state law. This is not a requirement of the PLRA, and is inapplicable here in any event because McGraw asserts only a federal claim, as to which exhaustion of state judicial remedies is not required. *Felder v. Casey,* 487 U.S. 131, 138 (1988) (principles of federalism preempt application of state notice of claim statute to actions brought under § 1983).

4.      McGraw argues that each defendant came into contact with him in the course of time during which he had suffered a broken jaw and was experiencing complications, including pain, with his teeth. He contends that each of the defendants had the authority to prescribe medication to treat this pain and could have referred him to other medical providers for this and/or for the other complications he was experiencing.

5.      McGraw's claim is asserted pursuant to 42 U.S.C. § 1983. Subject matter jurisdiction over McGraw's claim is conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

7.      "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

8.      The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as McGraw. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). That is the pertinent constitutional provision associated with the claim in this action. The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). In the specific context of the asserted denial of medical care, in order for an inmate to state a claim for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

> Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Id.* at 104. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006). An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (internal quotation and citation omitted).

*Williams v. Liefer,* 491 F.3d 710, ___ (7th Cir. 2007) (internal citations omitted). As to the second element,

> [t]he inquiry into deliberate indifference is a subjective one that asks whether "the prison official acted with a sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). A prison official has a sufficiently culpable state of mind when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Id.* (citation omitted).

*Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). A corollary to the deliberate indifference of a claim such as McGraw asserts here is that defendants can only be liable for the actions or omissions in which they personally participated. *Sanville v. McCaughtry,*

4

266 F.3d 724, 734 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when [ ]he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at h[is] direction or with [his] knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted).

9.     From the foregoing, there is no doubt that McGraw was entitled to certain constitutional protections while confined at the PCF. including constitutionally adequate medical care. He was not, however, entitled to the best possible care nor to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). He is also not entitled to base a viable Eighth Amendment claim in this setting based on a mere difference of opinion concerning whether the defendants had exercised appropriate professional judgment, for "[a] difference of opinion as to how a condition should be treated does not give rise to a constitutional violation." *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001). The premise of his claim is that the defendants, whose responsibility, authority, experience and training related only to the dental care provided to inmates, should have done more to deal with the pain he had from his broken jaw. Presenting these defendants with the burden of pain management for a medical condition, however, is not a constitutional burden they bore. Defendants Camby and Lewis had no personal role in McGraw's treatment. Dr. Hornaday acted in a manner which indisputably refutes the necessary Eighth Amendment element of deliberate indifference.

10.     There is no doubt that McGraw was entitled to certain constitutional protections while confined at the PCF, including constitutionally adequate medical care. McGraw has not come forward with a genuine issue for trial. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). After adequate time for discovery, summary judgment must be given against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). That is the case here. Summary judgment is not a discretionary remedy. *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *aff'd,* 515 U.S. 304 (1995). When a moving party shows that the opposing party lacks evidence to support each element of a claim, summary judgment must be granted in favor of the movant. *Id.* That is precisely the situation with respect to the present case, and the defendants' motion for summary judgment must therefore be **granted**. McGraw's cross-motion for summary judgment is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/10/07

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana